## THE SCHOCNER ANNE

1813.

*v.*

March 11th.

## THE UNITED STATES.

---

*Absent....*TODD, *J.*

A libel may be amended, after reversal for want of substantial averments.

A libel must aver specially all the facts which constitute the offence

The non-intercourse act of March 1,1809, was in force between the 2d of Feb. and 2d of March, 1811, by virtue of the president's proclamation of Nov. 2d, 1810.

THIS was an appeal from the sentence of the Circuit Court for the district of South Carolina, condemning the schooner Anne for violation of the non-intercourse law of *March 1,* 1809. § 6, *vol.* 9, *p.* 247.

C. LEE, *for the Appellant.*

1. The libel in this case is too imperfect to warrant a sentence of condemnation.   It does not state what kind of goods were taken on board ; it merely says *certain articles prohibited by law.*   If they were French goods it was lawful to take them on board.   This is a penal prosecution, and this Court has decided at this term in the case of the *Hoppet (ante p. 389.)* that the offence must be specially set forth in the libel.   The place of lading is not stated, nor the time, so that it may be known whether the act was done while the law was in force.   It does not state whether the goods were put on board with the knowledge of the owner, or with the knowledge of the master, but without naming either the master or the owner, it says, in the alternative, that the goods were put on board with the knowledge of the owner *or* master.   The evidence cannot cure the defects of the libel.

2. When these goods were put on board (between the 2d of February and the 2d of March, 1811) the act of

March 1, 1809, was not in force, unless by virtue of the president's proclamation of November 2d, 1810. That proclamation is not set forth in the libel, so that the act done does not appear by the libel to be contrary to law. The libel ought to have stated that France had before the 2d of March, 1811, so revoked her edicts as that they ceased to violate the neutral commerce of the United States; and that the president had declared it by his proclamation. This is not like the revival or continuance of a law by a law; but when the revival of a law is to depend upon a matter of fact, the libel ought to state the fact, that the Court may judicially know whether the law be revived or not.

STORY, J.   This Court has decided at this term that the act of March 1, 1809, was in force in February, 1811.

C. LEE.   If that point has been decided it was when I was not present, and shall forbear to make any further observations; but if it had not been decided, I should have adduced the new evidence communicated to congress by the late documents to show that in March, 1811, the Berlin and Milan decrees were not repealed, and that the repeal did not take place till the 28th of April.

JOHNSON, J.   That point was considered in the case of the *Aurora.*   (*Ante p. 382.*)

JONES, contra,

The cases of the *Hoppet* and the *Aurora* have settled all the points in this case. except the omission to state in the libel. the president's proclamation.   The Court can take notice of the law, and therefore can notice the proclamation authorized by that law.

JOHNSON, J.   That point was decided in the *Aurora.*

JONES.   Then as to the objections to the form of the libel.   This is not a case in which the Appellant could plead *not guilty*, and put the United States upon the proof of every thing alleged.   But he is to put in his claim upon oath, like an answer to a bill in Chancery.

SCHOONER  All that is necessary in the libel is to state, generally,
ANNE  the grounds on which the forfeiture is claimed.　By re-
v.  ferring to the law it is made certain.　It is clear, by
U.STATES.  the terms of the law alluded to in the libel, that the
———————  goods must have been of British growth or manufac-
ture; and such was the proof in the case.

The doctrines relative to indictments at common law
do not apply to the case.

*March 16th....*MARSHALL, *Ch. J.*

The sentence of the Circuit Court, in this case must
be reversed for the defects in the libel, for the reasons
stated in the case of the *Hoppet.*

*Sentence reversed,* and the cause remanded *with leave
to amend the libel.*