11 U.S. 496
 7 Cranch 496
 3 L.Ed. 417
 BRIG CAROLINE, WILLIAM BROADFOOT, CLAIMANT,
v.
THE UNITED STATES.
 February 24, 1813
 
 1
 ERROR to the Circuit Court for the district of South Carolina, in a case of seizure for violation of the acts of Congress respecting the slave trade.
 
 The libel was in the words following:
 
 2
 'At a special district Court for South Carolina district, Be it remembered, That on the ___ day of _____ in the year of our Lord one thousand eight hundred and _____ the United States of America, by Thomas Parker, their attorney for the district aforesaid, came here into Court and gave Thomas Bee, esq. judge of the said Court, to understand and be informed that on the ___ day of _____ they, the said United States, by their proper officers of the customs, did cause to be seized, arrested and secured, a certain brig or vessel called the Caroline, her tackle, furniture, apparel and other appurtenances, as forfeited to them, the said United States; for that the said brig or vessel since the twenty second day of March, 1794, was built, fitted, equipped, loaded, or otherwise prepared within a port or place of the said United States, or caused to sail from a port or place of the said United States, by a citizen or citizens of the said United States, or a foreigner, or other persons coming into, or residing in the same, either as master, factor, or owner of the said brig or vessel for the purpose of carrying on trade or traffic in slaves to a foreign country; and also for that the said brig or vessel since the day and year last aforesaid, was built, equipped, loaded or otherwise prepared within a port or place of the said United States, or caused to sail from a port or place within the said United States by a citizen or citizens of the said United States, or a foreigner or other persons coming into or residing within the same, either as factor, master or owner of the said brig or vessel, for the purpose of procuring from a foreign kingdom, place or country, the inhabitants of such kingdom, place or country, to be transported into a foreign place or country, port or place to be disposed of and sold as slaves, in violation of a certain act of Congress of the said United States, passed the 22d March, 1794, entitled 'An act to prohibit the carrying on the slave-trade from the United States to any foreign place or country. Also for that since the 1st day of January, 1808, the said brig or vessel was built, fitted, equipped, loaded or otherwise prepared in some port or place within the jurisdiction of the said United States, or caused to sail from some port or place within the said United States by some citizen or citizens of the said United States, or some other person for the purpose of procuring negroes, mulattoes, or persons of color from some foreign kingdom, place or country, to be transported to some port or place within the jurisdiction of the said United States to be held, sold, or disposed of as slaves, or to be held to service or labor, in violation of a certain act of Congress of the United States, passed the second day of March, in the year of our Lord one thousand eight hundred and seven, entitled 'An act to prohibit the importation of slaves into any port or place within the jurisdiction of the U. States from and after the first day of January, in the year of our Lord one thousand eight hundred and eight.' Wherefore the said United States, by Thomas Parker, their attorney aforesaid, pray the advice and opinion of this honorable Court in the premises, and that on due proof of the allegations aforesaid, the said brig or vessel, her tackle, apparel, furniture and other appurtenances, may be decreed and adjudged as forfeited to them the said United States, and that such proceedings may be had thereon as are agreeable to law and justice, and the style, usage, and practice of this honorable Court.'
 
 
 3
 'THOMAS PARKER.
 
 
 4
 Attorney U. States, S. C. District.'To the transcript of the record which came up was annexed the following statement of facts:
 
 
 5
 'The information which was filed in this case against the Caroline was founded upon an alleged violation either of the 1st section of an act of Congress, passed the 22d March, 1794, entitled 'An act to prohibit the carrying on the slave trade from the United States to any foreign place or country,' or of the 2d section of an act, passed on the 2d of March, 1807, entitled 'An act to prohibit the importation of salves into any port or place within the jurisdiction of the United States from and after the first day of January in the year of our Lord one thousand eight hundred and eight.' By the act of 1794, the fitting or sailing of a ship, for the purpose of a traffic in slaves to any foreign country, subjects the ship, concerned in such traffic, to forfeiture.'
 
 
 6
 'The act of 1807 enacts, that if any ship within the jurisdiction of the United States shall be fitted out or caused to said by any person, either as master, factor or owner, 'for the purpose of procuring any negroe, mulatto or person of color from any foreign country to be transported to any place whatsoever within the jurisdiction of the United States, to be held, sold, or disposed of as slaves, or to be held to service or labor,' the shall be forfeited to the United States. It was admitted by the Claimant, that the Caroline came into this port equipped like any common merchant vessel, that she did, after her arrival, receive fitments and take on board articles calculated for the slave-trade only. It was satisfactorily proved that the Claimant, after receiving information that such equipments well illegal, restored the Caroline to the condition in which she was when she entered this port, but that this was not done till after her seizure; and that the wooden parts of the fitments for slaves were marked as they were taken out of the vessel. That in such condition she left Charleston, bound to the Havannah and to no other port. That she arrived at the Havannah on the 28th of June, 1810, and that there she was sold about the 6th of August, 1810, to Spanish subjects who fitted her out for the African slave trade. His honor the Circuit Judge, upon the ground of sufficient evidence having been adduced of intention to carry on the slave trade, either abroad or at home, and a consequent violation either of the act of 1794, or of the act of 1807, decreed that the Caroline should be condemned as forfeited to the United States.
 
 
 7
 'We agree in the above statement of the case.
 
 
 8
 WILLIAM DRAYTON,
 
 
 9
 Proctor for Appellant.
 
 
 10
 THOMAS PARKER,
 
 
 11
 District Attorney.'
 
 
 12
 C. LEE, for the appellant, contended,
 
 
 13
 1st. That the libel was not sufficient to support the condemnation—and
 
 
 14
 2d. That the offence was not made out in point of fact.
 
 
 15
 1. The libel does not state any certain specific offence. It is altogether in the alternative. It does not state when, nor where, nor by whom the vessel was seized—nor when, nor where, nor by whom, nor in what manner the vessel was fitted out. It is altogether vague, uncertain and informal.
 
 
 16
 An information in rem ought to be as precise and formal as an information in personam. The civil law requires that a libel should be certain and positive in all material circumstances.
 
 
 17
 2. The statement of facts is as imperfect as the libel. The vessel is only liable to forfeiture when she shall have been actually fitted, equipped or prepared, not while she is fitting, equipping, or preparing. The degree of equipment ought to have been stated that the Court might judge whether it were such fitting, or equipment as is contemplated by the law. Upon every information for a penalty, the offence should be fully proved Parker, 22. This case is like that of Moodie v. ship Alfred, 3, Dall. 307, in which this Court decided that the ship was not illegally fitted out, although she had taken on board some articles calculated for war.
 
 
 18
 J. R. INGERSOLL, contra.
 
 
 19
 Contended that the case and the libel were sufficiently explicit. The intent was clearly shewn. It is not necessary, that every thing necessary for the voyage should be on board before the forfeiture accrues. The libel states the offence in the words of the act of Congress.
 
 
 20
 THE COURT, after taking time to consider, directed the following sentence to be entered.
 
 
 21
 'This cause came on to be heard on the transcript of the record and was argued by counsel, on consideration whereof, it is the opinion of the Court, that the libel is too imperfectly drawn, to found a sentence of condemnation thereon. The sentence of the said Circuit Court is therefore reversed, and the cause remanded to the said Circuit Court, with directions to admit the libel to be amended.'
 
 
 22
 The same point was also decided at this term, in the cases of the schooner Hoppet—the schooner Enterprize—the ship Emily, and the schooner Ann.