ISAACS, per proc. ami, vs BOYD, et al.

*Touching the competency of a father, as the natural guardian of his child, to release or compromise a suit prosecuted by him, on behalf of the infant.*

*Concerning the authority and powers of a* prochien ami, *in dismissing the action.*

*As to the plea* puis darien continuance, *the issue tendered in the same, and the pleadings subsequent thereto.*

1. A father, as the natural guardian of the person of his child, during infancy, has by virtue of his relation, no authority to exercise any control over the estate of the minor.

2. The only legal authority, with which he can be invested, must be derived from the competent authorities, and on giving the bond required by our statute; and therefore, as the natural guardian of the child, he can neither release or compromise a suit, prosecuted by him, on behalf of the minor.

3. A *prochein ami* is one, admitted by the Court, to prosecute for an infant, because, otherwise, the infant, might be prejudiced by the refusal or neglect of his guardian.

4. He is but a species of attorney, who may prosecute a right for an infant, but can do nothing to operate to its injury, and therefore cannot release or compromise a suit, prosecuted on behalf of a minor.

5. If a plea, *puis darien continuance,* contain no legal matter of defence to the action, on which issue need be taken by plaintiff, and no issue is taken by the replication, and the replication is demurred to for want of issue joined,—judgment will be rendered for plaintiff, and the demurrer over-

ruled, because it opens all the pleadings to examination, and because the plea tenders no legal defence.

Error to the Circuit Court of Benton county.

The plaintiff in this case sued out a writ in trespass, for an assault and battery, against Samuel Boyd, William Bragg and Joseph Bragg. The writ was served on Samuel Boyd and William Bragg, against whom, at the October term of the Circuit Court of Benton county, eighteen hundred and thirty-four, plaintiff declared. To the declaration, defendant, William Bragg, pleaded not guilty. At the April term of said Court, eighteen hundred and thirty-five, defendant Boyd, filed his plea, *actio non puis darien continuance*, as follows:

"And now at this day, &c. comes the defendant, Boyd, &c. and says, that the said plaintiff ought not further to have or maintain her said action, because he says, that on the sixth day of April, eighteen hundred and thirty-five, from which day or time, this cause has been continued, the said plaintiff, at the time aforesaid, received, by her next friend, aforesaid, who was and is her father and natural guardian, and under whose care and protection, she was at the time last aforesaid, the sum of seventy-five dollars, in full compensation of all damages done by them, meaning and intending thereby, to discharge and dismiss, the said suit, against the said Boyd, and one Jacob R. Green, who is not in this suit, and this defendant avers, that the said sum of seventy-five dollars, was paid by him as aforesaid, and was received by said plaintiff, in full satisfaction of all damages, for which this suit was

brought, and he makes profert of the receipt of said plaintiff, by her next friend, and brings the same into Court; all of which he is ready to verify, wherefore he prays judgment, if said plaintiff ought further to have or maintain her said action, &c."

To the plea, there was a replication, *precludi non*, as follows:

"And the said plaintiff, saith, she ought not to be barred from further having and maintaining her aforesaid action, thereof against the said defendant; because she says, that the said defendants, or either of them, have not paid to her, or to her use, on the said sixth day of April, in the year eighteen hundred and thirty-five, or at any other day, before or since that day, said seventy-five dollars, or any other sum of money, nor did she ever receive that, or any other sum in satisfaction of the said trespass, &c. in manner and form, &c. and of this, she puts herself upon the country."

To this replication, there was a demurrer.

At the October term, eighteen hundred and thirty-five, on motion of plaintiff, Elisha Isaacs, was dismissed as her next friend, and Samuel S. Hinton, appointed to prosecute the suit. Cause continued.

At May term, eighteen hundred and thirty-six, judgment was rendered, sustaining the demurrer: To which plaintiff excepted.

*W. R. Baylor*, for plaintiff in error.
*William P. Chilton*, for defendants in error.

GOLDTHWAITE, J.—To this action of tres-

pass for an assault and battery, commenced by the plaintiff, who is a minor, and sues by her *prochein ami*, Boyd, one of the defendants interposed a plea, *puis darien continuance*, stating in substance, that the plaintiff received by her *prochien ami*, who is her father and natural guardian, and under whose care and protection, she was at the time, the sum of seventy-five dollars, in full compensation of all damages done by the defendant, meaning and intending thereby to discharge and dismiss the said suit, against the defendant Boyd,—and the plea avers that said sum was paid by him, and was received by the plaintiff, in full satisfaction of all damages, for which the suit was brought. The plaintiff replied, denying that the defendants or either of them, had ever paid the said sum of money to her, or her use, or that she had received that, or any other sum, in satisfaction for the said trespass, concluding to the country. The defendants demurred to this replication, and judgment was rendered thereon, in favor of the defendants, who were discharged of the suit without day.

If the plea was intended to present the issue, of an accord and satisfaction, made with the plaintiff, without the intervention of her *prochien ami*, the replication may well be considered as a complete denial, as it alleges that no such satisfaction was ever paid to her, but if the plea is considered as tendering an issue of accord, and satisfaction with the *prochien ami*, then the replication is no sufficient answer, and if the plea be good in point of law, the demurrer was properly sustained to the replication; but if the plea presents no legal matter of defence, then

judgment should have been rendered in favor of the plaintiff, according to the well settled rule of pleading, that a demurrer opens all the pleadings to examination.—(*Cummings vs Edmonson,* page 145, of this vol. *Cummings & Foster vs Gray*.)

It is assumed by the plea, that a *prochien ami*, who is also the father and natural guardian of a minor, has authority to receive satisfaction for a personal injury done to his child.

No authorites have been produced, which lead directly to such a conclusion; but it is shewn by the case of *Weed vs Ellis,* (3 Caines', 253,) that a guardian may submit the demand of his ward, for damages in an action of assault and battery, to arbitration, and hence, it is inferred that a similar authority should rest with the *prochein ami,* to whom the management of the suit is entrusted, the more especially, when the trust is conferred on the father.

The father, as the natural guardian of the person of his child, during infancy, has, by virtue of his relationship, no authority whatever, to exercise any control over the estate of the minor, nor can he receive and discharge the liability, to account for a legacy or distributive share, belonging to his child. (*Genet vs Tallmage,* 1 Johns. Ch. Rep. 3. *Morrell vs Dickey,* same 153. *Williams vs Storrs,* 6 do. 353.) The only legal authority with which he can be invested, must be derived from the competent authorities, and on giving the bond required by our statutes.

A parent is entitled to the services of his child, during minority, and whenever this right has been injuriously affected by personal injury, his right to

ISAACS, per proc. ami, vs BOYD et al.

maintain, or discharge an action instituted by him, to recover damages, would be clear; but as the natural guardian of his child, he could neither release or compromise a suit, prosecuted on behalf of the minor.

The duties of a *prochein ami*, and his power, are comprised within a very narrow compass.— He may prosecute a right for an infant, but he can do nothing which can operate to its injury. He can, it is true, dismiss a suit, because he is himself liable for the costs, though even this may well be questioned, when injury to the minor would be the result, A *prochein ami*, is one, admitted by the Court, to prosecute for the infant, because otherwise, he might be prejudiced by the refusal or neglect of his guardian. (10 Petersdorff, 579, note.) He is in fact, but a species of attorney, who is permitted to act for the infant, so far as to conduct his suit, but he has certainly, not a more extensive authority, than an attorney at law, who cannot enter into a bond, or compromise the right of his client. (*Holker vs Parker*, 7 Cranch 496.) Indeed his authority does not extend so far, for he is not authorised to receive the amount which may be recovered by the infant, but the same should be paid over to a lawful guardian, alone, as it might otherwise be squandered, and the infant receive no benefit.

The trust of *prochein ami*, was first created by statute, (10 Petersdorff, 579,) though by long practice, it may now be considered, as one of the rights of an infant, and was intended to provide alone for

5 P. 50.

those cases, where the lawful guardian *omitted* to protect the rights and interests of his ward, or was unable or unwilling to commence a suit in his behalf.    The origin of the trust goes far to shew the limited authority, coupled with it.

It was therefore error in the Circuit Court to sustain the demurrer to the replication, for which the judgment must be reversed, and the cause remanded.

The determination on this point, renders it unnecessary to examine the other questions presented by the assignment of errors.

HOPKINS, C. J. not sitting.