1. George P. Naylor and others agt. Francis A. Hoffman and others.   2. The Rock River Bank agt. The Same.

State courts have no *jurisdiction* of an action against a firm to recover a firm debt, where one of the members of the firm is a *foreign consul*.

Where an action was commenced against the firm of Hoffman, Gelpcke & Co., and an attachment issued, and Hoffman at the time was a foreign consul, duly recognized by the United States government, and acting as such, and a motion having been made to dismiss the action, on the ground that the court had no jurisdiction; during the pendency of which motion the *exequatur* or recognition of the consul was withdrawn by the U. S. government,

*Held,* that the court being without *jurisdiction* when the action was commenced and the attachment issued, there was no basis upon which to incorporate it subsequently; and the subsequent revocation of the *exequatur* did not give validity to the process which was before invalid; consequently no jurisdiction could be conferred on the court by the revocation of the *exequatur*. (*Reversing the decision in one of the causes at special term, ante,* 250.)

*New York General Term, February,* 1862.

Naylor and Rock River Bank agt. Hoffman.

THE actions in both cases are on contract against the defendants as co-partners and joint contractors.

Action 1 was commenced on the 5th day of June, 1861, and a warrant of attachment issued against their joint property. A summons and complaint were served on one of the defendants, viz., Otto Gelpcke, and a summons was published.

All the defendants appeared and put in an answer, pleading in abatement that F. A. Hoffman was and is a foreign consul.

On the 31st day of July, 1861, an order was made for the defendants to show cause why the warrant of attachment should not be set aside and the action be dismissed.

The motion was heard· on the 19th day of August, 1861, before Hon. Justice SUTHERLAND, and on the 11th day of December, 1861, he·decided that the motion be denied.

The plaintiffs, at the hearing, read in opposition to the motion certain letters passèd between the attorney for plaintiffs and· the department of State, to the same effect as those read in the second action, which have been reported *ante page* 250.

Action 2 is also an action on contract against the defendants as co-partners and joint defendants for the recovery of money. An attachment issued against the property of all the defendants, and was levied on the joint property of all. None of the defendants was personally served—the summons was published.

All the defendants appeared.

On the 31st July, 1861, an order to show cause was made why the warrant of attachment should not be set aside and the action be dismissed.

The affidavit of defendants showed that Francis A. Hoffman, one of the defendants, was, at the commencement of the action, and still continued to be, a consul for the Duchy of Saxe Coburg Gotha, and duly recognized and proclaimed as such by the President of the United States,

On the 20th of August the motion was heard before Hon. Justice SUTHERLAND. The plaintiffs read affidavits in opposition, which may be found *ante p.* 250.

On the 11th day of December, 1861, Hon. Justice SUTHERLAND rendered his decision denying the motion, but without specifying the grounds on which the decision was made.

The defendants appealed to the general term of this court. The appeal was heard before Justices INGRAHAM, LEONARD and CLERKE.

B. ROELKER, *attorney and of counsel for defendants.*

I. By the constitution of the United States, (*art.* III., *sec.* 2,) the judicial power of the United States extends to all cases in law and equity affecting consuls, and in all such cases the supreme court of the United States has original jurisdiction ; and by act of congress of September 24, 1789, (*ch.* 20, *sec.* 9,) the district courts of the United States have jurisdiction, exclusive of the courts of the several states, of all cases against consuls or vice-consuls (*Davis* agt. *Packard,* 7 *Peters,* 276.)

The jurisdiction in such case does not depend on the party on record. If the suit affects him, it must be dismissed, not because he is a party, but because it affects him. (*Osborn* agt. *U. S. Bank,* 9 *Wheat.,* 738–854.)

II. A consul cannot renounce or waive his exemption from liability of being sued in a state court, because it is not his personal privilege, but the privilege of the government of the United States. A state court has no jurisdiction in any suit which affects a consul, and a suit against the firm of which the consul is a partner, cannot be sustained by the same. (*Griffin* agt. *Domingues,* 2 *Duer,* 656 ; *Valarino* agt. *Thompson,* 3 *Seld.,* 576.)

An attachment against a non-resident debtor is a suit within the meaning of the judiciary act, giving exclusive

jurisdiction to the United States courts. (*In the matter of Aycinena*, 1 *Sand.*, 690.)

One of the defendants, they being co-partners and alleged to be joint debtors, being a foreign consul, the state court had no jurisdiction, and all proc⌐ lings had in the action are void.

III. By the constitution of the United States, (*art.* III., *sec.* 3,) the President alone has the power of receiving foreign ministers, and the power includes the power to dismiss them, since he alone is the organ of communication with them, and accountable for the conduct of foreign agents. (*See Kent Com.*, *I. p.* 288.)

The letter of the assistant secretary of state states that, "I have deemed it proper to revoke his exequatur," and shows that the President of the United States never revoked the exequatur, who alone has the power so to do. It is an unwarrantable assumption of power on the part of the assistant secretary of state to attempt to do an act which the Executive alone has the right and the power to do. The exequatur was, therefore, never revoked, and if revoked, the letter produced was no legal evidence of the fact.

The exequatur is executed under the hand of the President and the seal of the United States, and a proclamation made by the President.

By acts of congress, July 27, 1789, 15 Sept. 1789, (*sec's* 4 *and* 5,) the duty and power of the secretary of state of the United States are simply to execute such duties as shall from time to time be intrusted to him by the President of the United States, relative to such matters respecting foreign affairs as the President shall assign to the department, and the principal officer of this department shall conduct the business of the department in such manner as the President shall from time to time order or instruct. The secretary of state is only a ministerial officer, and he can act only by order of the President.

The office of assistant secretary is created by act of congress of March 3d, 1853, sec. 6, and this subordinate officer is enjoined only to perform all such duties in the office of secretary of state as shall be prescribed by the secretary of state, or as may be prescribed by law.

The evidence of the pretended revocation of the exequatur consists only in private letters of the assistant secretary of state. By the laws of New York, (see Laws 1846, 303, ch. 240, § 1,) it is provided that a copy of any document in any of the departments of the government of the United States, certified by the head of such department, and attested by the seal of the department, may be given in evidence. This act is in relaxation of the strict common law rule of evidence. But the evidence offered here falls short of all rules of evidence.

IV. Even if the exequatur had been revoked it could not avail. The defendant was a foreign consul at the commencement of the proceedings and up to the time the motion came on to be heard, and the court had no jurisdiction when the suit and proceedings were instituted, and are therefore void. (Perry agt. Mongomery, 2 Sand., 261; Cole agt. Kerr, id.; Hastings agt. Farmer, 4 Comst., 293.)

V. The action is against the defendants as joint debtors alleged to be jointly liable. Judgment would therefore be entered up only against all of them, and not against one or two of them severally. Neither the legislature nor court can change the contract and make it joint and several, when it was made joint only. A recovery cannot be had against one of several defendants alone, except when such a judgment could have been had, if he had been sued alone. The action can therefore not be continued against two of the defendants, discontinuing against the consul.

In cases where defendants plead infancy, or discharge under an insolvent act, the contract is avoided, and no contract exists as to them, either joint or several. But the consul does *not avoid* the contract, but only excepts to the

tribunal that undertakes to pass upon it. (*Code*, §§ 136, 274, 119, 122; *Bridge* agt. *Payson*, 5 *Sand.*, 217; *Slocum* agt. *Hooker*, 13 *Barb.*, 536; *Parker* agt. *Jackson*, 16 *Barb.*, 33; *Pruyn* agt. *Black*, 21 *N. Y. R.*, 300; *Sturtevant* agt. *Brewer*, 9 *Abb.*, 414.)

VI. It is a fundamental rule that where there is an absence of jurisdiction, the defect cannot be supplied by amendment or supplemental proceedings so as make the void proceedings valid from beginning. It is only when the court has acquired jurisdiction that it can amend any process or proceeding to retain it and carry out its object in furtherance of justice. But it cannot make a void proceeding valid by an amendment in the same proceeding or matter. (*Bangs* agt. *McIntosh*, 23 *Barb.*, 601; 18 *Wend.*, 675; *Bloom* agt. *Burdick*, 1 *Hill*, 138–143; *Wright* agt. *Douglas*, 10 *Barb.*, 110.)

In the case at bar the warrant of attachment was void, because it affected a foreign consul, and so the suit brought by plaintiffs. The state court had no jurisdiction at the commencement of the suit, and therefore all subsequent proceedings are void. The warrants of attachment issued in both cases must be vacated.

The points of plaintiffs for Rock River Bank were the same as used in the court below, (*ante*, 250.)

ANDREWS, COLBY & THOMPSON, *attorneys, and*
CHARLES W. PRENTISS, *of counsel, for pl'ffs in No. 2.*
JOHN G. VOSE, *attorney, and*
JOHN T. DOYLE, *of counsel for pl'ffs in No. 1.*

LEONARD, Justice. When the attachment was granted the defendant Hoffman was consul for the Duchy of Saxe Coburg Gotha, for the state of Illinois. It issued against the property of all the defendants. The constitution and laws of the United States prohibit the state courts from taking cognizance of suits affecting consuls.

It is thus apparent that this court was without jurisdiction to grant process of any kind against Hoffman when the attachment herein was issued.

The question of jurisdiction must be disposed of according to the facts existing when the action was commenced or the process issued. Being without jurisdiction, then, there was no basis upon which to incorporate it subsequently. We think that the subsequent revocation of the *exequatur* of the consul did not give validity to process which was before invalid.

We think the case of *Valerino* agt. *Thompson*, (3 *Seld. R.*, 576,) is conclusive upon the questions here involved. The court of appeals there hold that the courts of the United States have jurisdiction where a consul is sued with another person. The court in that case say : " The constitution extends the jurisdiction of the United States courts to all cases ' *affecting consuls*,' and the judiciary act makes it exclusive of the state courts ' *in all suits against consuls*.' " That case further holds, that where a consul and another are necessarily co-defendants, it brings the co-defendants within the jurisdiction of the United States courts, by unavoidable implication, (*p*. 582.) We think this decision of the first court of our state must be considered conclusive here.

This action being *against a consul*, the state courts are ousted of jurisdiction.

There is no analogy between the contract of an infant, *feme covert*, bankrupt, &c., and the contract of a consul when made jointly with others.

In an action against an infant or *feme covert* on a joint contract with others, the name of such party may be stricken out, and the action proceed against the other joint contractors, because there never was any actual contract made by the infant or *feme covert*.

The contract of the consul is, however, a valid and binding obligation, whether made jointly with others, or not.

There is no principle upon which his name can be stricken from the action without disturbing the liability of the other joint contractors with him.

We are compelled to hold that this court has no jurisdiction over the action, and of course none to grant an attachment therein.

The order appealed from is reversed, and the attachment is vacated. No costs are allowed.

CLERKE and INGRAHAM, J. J., concurred.