## THE GEORGE TAULANE.

*(District Court, D. Delaware.  January 23, 1885.)*

PRACTICE IN ADMIRALTY—AMENDMENTS—DISCRETION OF COURT.

Particular facts necessary to be stated in libels *in rem*, the character of amendments and conditions on which they may be made, prescribed by admiralty rules 23 and 24; the design of the rules being to secure certainty and uniformity in pleading and practice.

In Admiralty.

*Hoffecker & Hoffecker,* for libelant.

*Harry Sharpley,* for claimant.

WALES, J.  Libel *in rem* for damages to a cargo of canned fruit shipped on board the Taulane, at Lebanon, in the state of Delaware, and consigned to parties in Philadelphia.  Libel filed July 15, 1884. On the same day the marshal attached the vessel at Lebanon.  Claim, stipulation, and order of discharge were made July 19, 1884; answer and exception filed September 3, 1884.  It is alleged that, by the carelessness and negligence of the master and crew in stowing the goods, the latter were exposed to the rain and damaged to the amount of several hundred dollars.  Special exception has been taken that "it is not alleged, nor does it appear by said libel, that the said schooner was or is in this district."  The libelant is, in fact, a corporation created by the laws of the state of Delaware, whereas it is described in the libel as a corporation of the state of New Jersey.  The allowance of the exception is not resisted, but the libelant now appeals for leave to amend by substituting Delaware for New Jersey, and by adding to the second section of the libel the words, "and that the said schooner is now within the district of Delaware and the jurisdiction of this honorable court."

The question is, should this amendment be allowed as of course, and without terms?  And this is a matter, within the discretion of the court, which is to be exercised in view of all the circumstances of the case, of the rights of the parties, and of a proper application of the admiralty rules and practice.

It is contended that the proposed amendment would not change the cause of action, or affect the stipulators who will not be discharged by an amendment, but are subject to all legal dispositions of the case by the court within the amount of their bond.  Amendments in form only, in the addition and subtraction of parties, and

generally in all matters which do not prejudice the rights of the other side, are liberally allowed; and amendments in matter of substance may be allowed, at any time before final decree, upon such terms as the court shall impose. Ben. Adm. 483; 2 Pars. Shipp. & Adm. 415; 2 Pars. Marit. Law, 713–715; *The Harmony*, 1 Gall. 124; *Newell* v. *Norton*, 3 Wall. 266; *The Carozal*, 19 FED. REP. 655. Before the filing of the answer and exception this amendment might have been made as of course, without notice, on motion to the court; but at this stage of the proceedings, after general appearance, answer, and exception, the privilege of amending cannot be allowed without notice, and on such terms as the court may impose under the rules and practice of the court. Admiralty rules 23 and 24 prescribe the statements of fact necessary to be made in a libel, and the extent and manner of allowing amendments. It is the duty of the libelant to state, "if the libel be *in rem*, that the property is within the district;" "and where any defect of form is set down by the defendant upon special exceptions, and is allowed, the court may, in granting leave to amend, impose terms upon the libelant." The attaching of the vessel in the district, on the same day on which the libel was filed, does not cure the defective omission in the libel, nor give jurisdiction to the court. The marshal could not execute the process outside of the district. The averment that the vessel was in the district is made essential by rule 23, and cannot be dispensed with, whether treated as a matter of form or of substance. In *McKinlay* v. *Morrish*, 21 How. 344, the court calls attention to irregularities of pleading in admiralty, and to the importance of enforcing the rules and practice for pleadings and proofs in admiralty cases. These rules have been established for the purpose of securing certainty and uniformity in pleading, and cannot be relaxed without danger of continuing the evils they were designed to cure. The exception is allowed, with leave to the libelant to amend, on payment of costs.