## CARD v. HINES.

*(District Court, D. South Carolina. November 10, 1888.*

ADMIRALTY—PRACTICE—AMENDMENT—SERVICE OF NOTICE—GENERAL APPEARANCE—EFFECT.

A libel for an alleged breach of a charter-party, made by the owners of a certain steam-ship, was brought against respondent under the allegation that he was the sole owner. Respondent not being within the jurisdiction of the court, the ship was attached, upon which respondent's proctors put in a general appearance for him, filed security, and obtained release of the vessel. A

plea in abatement for defect of parties was sustained, and libelant was allowed to amend his libel by inserting the fact that other persons besides respondent were owners with him, and that they were without the reach of process. *Held*, that the order to amend was an interlocutory order in the attachment suit, to abide which respondent bound himself by his general appearance, and it was not necessary to serve him in person with a copy of the order.

In Admiralty. On motion to dismiss libel for want of proper service and jurisdiction.

*J. N. Nathans*, for libelant.

*J. P. K. Bryan*, for respondent.

SIMONTON, J. This case comes up again. The libel was filed 23d December, 1887. It counts upon a supposed claim for violation of charter-party against Wilfred Hines, alleged to be the sole owner of the British steam-ship West Cumberland. The charter-party was set out in terms, not in full. The monition could not be served personally on the defendant, he not being within the jurisdiction. The ship was therefore attached. A general appearance in writing was put in for Hines by Messrs. Bryan & Bryan on 23d December, 1887. On the same day, by his lawfully constituted agent, he entered into stipulation with security, first submitting himself to the jurisdiction of this court, and thereby obtained the release of the vessel. He thus bound himself to abide all orders, interlocutory or final, of this court, and its final decree herein. On 28th December, 1887, on an exception by the defendant to the libel, the libelant was ordered to attach a copy of the charter-party as an exhibit thereto. 33 Fed. Rep. 189. By the charter-party it appeared that it had been executed by Simpson, Spruce & Young, agents for the owners of the steam-ship West Cumberland. On 30th December, 1887, the defendant applied for and obtained further time to plead to the libel. On 4th January, 1888, he filed a demurrer to the libel for the variance between its allegations and those of the charter-party as to the ownership of the ship. The demurrer was overruled after argument. Thereupon the cause was heard on a plea in abatement to the libel, because there were other owners of the steam-ship besides respondent, who was sued as sole owner. This plea was sustained. 35 Fed. Rep. 598. A motion was made for leave to amend the libel on 11th July, 1888, against which the defendant was heard. The motion was granted to this extent: that the allegation of the libel should be stricken out wherein respondent was alleged to be sole owner, and in lieu thereof should be inserted the allegation that he, with certain other persons unknown to the libelant, and without reach of process of this court, were owners at the filing of the libel, with corresponding amendments of allegations in other parts of the libel, but no change of prayer. The order allowing the amendment "decided nothing not on the face of the order, and allowed the respondent to file any such defense as he may be advised, within fourteen days after he has been served with the copy of the order." On 28th July, 1888, the defendant Wilfred Hines filed a paper, stating that he appearing specially, solely, and only to object to the jurisdiction and power of the court to compel him to appear and answer in this action,

pleads formally to the jurisdiction, for that he has not been served with process, citation, or summons, and that he does not waive personal service of process, citation, or summons. A copy of the order granting leave to amend was served on Mr. J. P. K. Bryan, of the firm of Bryan & Bryan. He refused to receive it, and it was left at his office then and there by the deputy-marshal.

The question is, was it necessary to serve the respondent in person with a copy of the order granting leave to libelant to amend his libel? That order contained in itself a summons. The cause began by attachment, the respondent being a non-resident alien. From the earliest period of the admiralty the process by attachment has been in use for the purpose of compelling an appearance of a defendant in a cause. *Manro* v. *Almeida*, 10 Wheat. 490, quoting Clerke, Praxis, Adm. (by Hall,) pt. 2, tit. 28. It is in constant use in this court, having, among others, for its authority the habitual practice "of a very able admiralty judge," (Bee.) *Manro* v. *Almeida*, *supra*; *Bouysson* v. *Miller*, Bee, 186. "In the practice of our courts of admiralty the attachment of the goods or credits gave jurisdiction, and the cause proceeded to decree whether the defendant appeared or not." *Atkins* v. *Disintegrating Co.*, 18 Wall. 304. So by the attachment the defendant was in court subject to its jurisdiction in this cause. After that he entered a general appearance by his proctors, stipulated for, and was placed in charge of the ship attached, and asked the indulgence of the court in the time to plead. He then took proper measures for perfecting the libel, both as to formal parts and its allegations, and tested by argument the result of his measures. He bound himself by his stipulation "to abide all orders, interlocutory or final," of this court in this cause. There can be no doubt, therefore, that he is in this court; that it has over him complete jurisdiction; and that he must obey all orders, interlocutory or final, provided always that his presence in court, its jurisdiction over him, and such orders, interlocutory or final, are confined to this cause. He is not here for the purposes of any other suit.

Does the amendment allowed operate as a termination of the suit brought by attachment and the inauguration of a new suit? Let us see the full scope of the amendment. The libel was for a supposed breach of a charter-party, made by the agents of the owners of the steam-ship West Cumberland, and was brought against the respondent under the allegation that he was the sole owner. Respondent denied that he was the sole owner, and sustained his denial by proof. The court held that, this being proved, he could not be held liable upon the allegations of the libel as they then stood; distinguishing this case from the practice stated in Ben. Adm. § 387, because in Benedict's rule the statement must be made in the libel that the other co-contractors were out of the reach of process. Thereupon, on motion and after argument, libelant was allowed to amend the statements of his libel by inserting the fact that other persons besides respondent were the owners with him, and that they were without the reach of process. He made no prayer for judgment against them. This amendment could not operate as a surprise on the respond-

ent, nor did it bring new matter to his attention. It simply admitted his own facts. Nor did it change the issue. The libel, as filed, when the exhibit was attached at the request of the respondent, set forth a breach of the charter-party, made by the agents of those owning the steam-ship, and seeks to hold respondent liable thereon, alleging that he is sole owner. He was held liable because of the breach of the charter-party as owner, not because he was sole owner. In its amended form it seeks to hold the respondent liable for the breach of the charter-party, because he is an owner with others not within the reach of the process of this court. In its original form it sought relief against him only as sole owner. In its amended form it asks relief against him only, his co-owners being alleged to be without the reach of process. No new issue of fact is presented. If there be any new issue it is one of law. It being now admitted, as defendant has alleged, that the charter-party was made for others besides himself, can he be held thereon without making his co-owners parties by service of process or by attachment? The cause of action, the parties to the action, the substantial facts on which the action turns, the relief asked, are not changed in any degree. The amendment does not terminate the first action, nor make a new action. "It is the same debt which is sought to be recovered by the same plaintiff against the same defendant, and the only difference is in the ground upon which the liability is based." *Sibley* v. *Young*, 26 S. C. 423, 2 S. E. Rep. 314. The amendment was allowed because of the practice stated in Ben. Adm. § 387. It does not commit the court to any expression of opinion upon the question. Can the defendant under the allegation be held personally and singly responsible in this court? It simply gives the libelant the opportunity of making the question. In *The Monte A.*, 12 Fed. Rep. 331, an action *in rem* was changed to one *in personam*. An entire change of parties (Dunl. Adm. Pr. 213) applies to a mutation of the libel by propounding a new cause of action,—alleging a different contract. In this case the cause of action is a breach of contract,—a charter-party made by the agents of the owners of the ship West Cumberland. The consequences of the breach were charged to respondent, he being an owner, not because he was sole owner. In the libel as amended the cause of action is the same breach of contract, the same charter-party, made by the same agents for the owners of the same steam-ship. The consequences of the breach are charged on respondent, he being an owner, and so liable *in solido* therefor. His liability in this action is based on the fact that he is the only owner in court, the other owners being beyond reach of its process. This being the case, the order of amendment is one of the interlocutory orders of this court, and service of the same upon the proctors who have entered a general appearance for respondent is in strict conformity with the rules and practice of this court. The motion is dismissed, with costs of the motion. Respondent has leave to file such defense as he might be advised, within 14 days from the date of this order.