GRAHAM v. OREGON R. & NAV. CO.

(District Court, S. D. New York. January 10, 1905.)

1. ADMIRALTY—AMENDMENT OF LIBEL.

Where exceptions to a libel in admiralty for want of jurisdiction are sustained, it is proper to grant leave to amend if the case is such that facts may be alleged which will bring the cause within the court's jurisdiction.

In Admiralty. On motion to set aside order.

Thomas D. Rambaut and J. Parker Kirlin, for libellant.
Maxwell Evarts and Robert D. Benedict, for respondent.

ADAMS, District Judge. This is a motion on the part of the respondent to set aside an order made herein on the 19th of December, 1904, or for a re-settlement thereof so that the order will dismiss the libel absolutely, and set aside all the proceedings had in the case by the libellant since the entry of the order.

On the exceptions to the libel, raising the question of jurisdiction, an opinion was written sustaining the exceptions but granting leave to the libellant to amend within twenty days. An order was entered in conformity with the opinion, which order is now the subject of this motion, as well as an amended complaint, which has been filed in accordance with the order.

The respondent contends that the court, having decided that the cause as alleged in the libel was not within its jurisdiction, had no power to do anything further except to dismiss the libel, without costs. Numerous authorities are cited in support of the contention, viz.: Abbey v. The Robert L. Stevens, 22 How. Prac. 78, Fed. Cas. No. 8; Wenberg v. A Cargo (D. C.) 15 Fed. 288; Pentlarge v. Kirby (C. C.) 20 Fed. 898; The Mayor v. Cooper, 6 Wall. 247, 18 L. Ed. 851; Citizens' Bank v. Cannon, 164 U. S. 319, 324, 17 Sup. Ct. 89, 41 L. Ed. 451. These were all questions of costs and it appeared that no amendment could have been filed which would have overcome the objection to the jurisdiction. The case of Naylor v. Hoffman, 22 How. Prac. 510, is also cited. That was an action brought against a foreign consul, and, the court being without jurisdiction, it was held that the process of attachment issued when the action was commenced, could not be validated by a subsequent withdrawal of the exequatur of the consul. None of the cases seems to bear upon the question here, and the broad language of the courts, in some of the cases, must be regarded as simply applying to the questions under consideration. It is said that any opinion "can not be relied upon as a binding authority unless the case calls for its expression." Bardes v. Hawarden Bank, 178 U. S. 524, 534, 20 Sup. Ct. 1000, 44 L. Ed. 1175.

There can be no doubt about the general power of the court to permit amendments. Those of form are a matter of course; those of substance may be made upon motion at any time before the final decree, upon such terms as may be imposed. Supreme Court Rule 24, 3 Sup. Ct. xiii.

Admiralty Rule 42 of this court provides:

"The defendant may before filing his answer except to the jurisdiction or to the sufficiency of the libel, and if the exception is sustained and the libel is not amended within such time as the court shall allow it shall be dismissed."

And in Rule 44, it is provided:

"If the exceptions are allowed on hearing, he shall amend his" (the party's) "pleadings within such time as the court shall direct."

It is said in Benedict's Admiralty (page 274):

"Sec. 483. Amendments may be allowed by the Court at any Time.—As has been before remarked, causes in admiralty must be heard and decided according to the allegations of the parties, and the proofs under them; and it has always been the practice of the American Admiralty Courts to allow every facility to the parties, to place fully before the court their whole case, and to enable the court to administer substantial justice between the parties, without circuity of action, or turning around in court, and never to allow a party to overcome his adversary by the man-traps and spring-guns of covert chicanery, or by the surprises and technicalities of mere pleading or practice. Therefore, on proper cause shown, omissions and deficiencies in pleadings may be supplied, and errors and mistakes in practice, in matters of substance, as well as of form, may be corrected at any stage of the proceedings, for the furtherance of justice. Where merits clearly appear on the record, it is the settled practice in admiralty not to dismiss the libel, but to allow the party to assert his rights in a new allegation. The whole subject rests entirely in the discretion of the court, as well in relation to the relief to be granted, as to the terms on which it shall be granted. Amendments may be made on application to the court at any time, as well after as before decree; and at any time before the final decree new counts or articles may be added, and new and supplementary allegations may be filed."

Some of the cases in which substantial amendments have been allowed are: The Brig Caroline, 7 Cranch, 496, 3 L. Ed. 417; The Schooner Anne, 7 Cranch, 570, 3 L. Ed. 442; The Adeline, 9 Cranch, 244, 284, 3 L. Ed. 719; The Edward, 1 Wheat. 261, 4 L. Ed. 86; The Divina Pastora, 4 Wheat. 52, 4 L. Ed. 512; The Edwin Post (D. C.) 6 Fed. 206; The Imogene M. Terry (D. C.) 19 Fed. 463; Card v. Hines (D. C.) 36 Fed. 573; Newell v. Norton, 3 Wall. 257, 18 L. Ed. 271; The Beaconsfield, 158 U. S. 303, 15 Sup. Ct. 860, 39 L. Ed. 993.

The last mentioned case was one where there could be no jurisdiction without an amendment, because one of the libellants, Cotton, as master of the S. S. Beaconsfield, and bailee of the cargo, did not appeal from the decree, which affected the cargo and the libel was amended after the Supreme Court had reversed the decree of the Circuit Court on the merits of the collision by substituting another party for him. The judgment based upon such amendment was sustained by the Supreme Court (see pages 309, 310, 158 U. S., pages 862, 863, 15 Sup. Ct., 39 L. Ed. 993). Other cases in which amendments have been allowed at a late stage in the proceedings to secure justice, are: U. S. v. Boyd, 15 Pet. 187, 10 L. Ed. 706; House v. Mullen, 22 Wall. 42, 22 L. Ed. 838; Van Doren v. Pennsylvania R. Co., 93 Fed. 260, 272, 35 C. C. A. 282.

Several authorities present cases where amendments going to the question of jurisdiction have been allowed. The Petition of the Long Island etc. Transp. Company (D. C.) 5 Fed. 599, was a question of limitation of liability. Motions were made to dismiss for want of juris-

diction. Upon the hearing of the motion and exceptions, leave was granted to amend by alleging certain jurisdictional facts and the defect being so cured, the case went to a final hearing on the merits. In The Monte A. (D. C.) 12 Fed. 331, an action was improperly brought in rem and an amendment permitted prayer for process and judgment in personam, there being no change in the subject matter of the action. These two cases were in this court. The same kind of amendments have been allowed in other districts. In The Manhasset (D. C.) 18 Fed. 918, a question was presented with respect to the right to bring an action in rem to recover for death caused by negligence. It was held by Judge Hughes that the state statute, under which the action was brought, did not create a maritime tort, upon which an action against the vessel could be sustained by an administratrix, but he expressed the opinion that a right existed, enforceable by a libel in rem, in favor of the widow and the deceased's minor children, whom the administratrix represented. The formerly dismissed libel, filed by the administratrix, was amended by the substitution of the said parties and thereupon a recovery was decreed. The Manhasset (D. C.) 19 Fed. 430. In The George Taulane (D. C.) 22 Fed. 799, an amendment was allowed to show the jurisdictional fact that the vessel was in the district.

It seems that jurisdiction was obtained of the respondent here by its general appearance, and if facts exist which show that there is a maritime cause of action, the libellant should have an opportunity at the present stage of the case to aver them in an amended libel. It appears that such a libel is actually on file. It is of course subject to exceptions, which when raised will be duly considered.

Motion denied.