question. Again, while David A. McDonald's consent contributed to the discharge of J. Sharp McDonald, it did not in any way affect his own liability as indorser to Hendrie, the holder, unless it increased it by leaving him without recourse to the maker. He was under no contract with Hendrie by which he was restrained in law or equity from consenting to J. Sharp McDonald's discharge. But Hendrie, by a well-known principle of law, restraining the holder of the note from doing anything to change the position of the maker, by consenting and contributing to the maker's discharge, ipso facto, released David A. McDonald, the indorser, from all liability on the note. The fact that the claim against the indorser was merged in a judgment regularly obtained makes no difference. The relation of the parties remains the same.

It is objected that the bankrupt, David A. McDonald, is not competent to move to strike off the proof of the debt. He clearly does it in the interest of the creditors, and, in good faith, is bound to see that no debt is paid which is not entitled to payment. He is therefore competent.

The exceptions are overruled and the report of the register confirmed.

PER CURIAM. In re D. A. McDonald, after the decision in the above case, petitions of creditors were filed asking to be allowed to intervene, long after the return day of the rule to show cause why the bankrupt should not be discharged, and to try the specifications of objections filed by D. Hendrie, whose claim to be a creditor was rejected. These petitions, after argument, were dismissed by Judge Ketchum.

---

### Case No. 8,754.

In re McDONALD.

[The case reported under above title in 7 West. Jur. 505, 30 Leg. Int. 232, and 10 Phila. 273, is the same as Case No. 5,073.]

---

### Case No. 8,755.

· The McDONALD.

[Cited in The E. A. Packer, Case No. 4,241. Nowhere reported; opinion not now accessible.]

---

McDONALD, The. See Case No. 13,716.

---

### Case No. 8,756.

The McDONALD.

[4 Blatchf. 477.] [1]

Circuit Court, S. D. New York. Nov. 30. 1860.

PRACTICE IN ADMIRALTY—COSTS — DISMISSAL FOR WANT OF JURISDICTION—COSTS ON APPEAL.

1. The district court, on dismissing a libel for want of jurisdiction, has no power to award costs against the libellant.

[Cited in The Hendrick Hudson, Case No. 6,-355; Wenberg v. Cargo of Mineral Phos-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

phate, 15 Fed. 288; Cooper v. New Haven Steamboat Co., 18 Fed. 588; Pentlarge v. Kirby, 20 Fed. 898.]

2. Where the district court dismissed a libel for want of jurisdiction, and awarded costs against the libellant and this court on an appeal by the libellant from the whole decree, affirmed so much of it as dismissed the libel and reversed so much of it as awarded costs, no costs of this court were allowed to either party.

[Followed in Pentlarge v. Kirby, 20 Fed. 901.]

This was a libel in rem, filed in the district court, by Newell Chamberlain and others against the steamboat McDonald. That court dismissed the libel for want of jurisdiction, and awarded costs to the claimant. [Case No. 11,238.] The libellant appealed to this court from the whole decree. This court affirmed so much of the decree of the district court as dismissed the libel for want of jurisdiction [Id. 11,239], and the question now arose as to what decree should be made by this court in regard to costs, the libellant claiming that he should not be charged with costs either in this court or in the district court, and the claimant maintaining his right to recover costs in both courts.

James N. Platt and Gerard & Buckley, for libellant.

Erastus C. Benedict and Burr & Benedict, for claimant.

NELSON, Circuit Justice. It was erroneous in the court below to allow costs on the dismissal of the libel for want of jurisdiction. In such a case, by the settled practice of the supreme court, no costs are allowed. So much of the decree below as awarded costs to the claimant must, therefore, be reversed. As the libellant had a right to come to this court to reverse that part of the decree below which awarded costs against him, I shall not allow costs against him on the appeal, although a part of the decree appealed from is affirmed; and, because he claimed to reverse the whole decree, I shall not allow any costs to him on the appeal.

---

MACDONALD (BANK OF THE UNITED STATES v.). See Case No. 925.

McDONALD (BIRDSALL v.). See Case No. 1,434.

---

### Case No. 8,757.

MACDONALD v. BLACKMER et al.

[4 Ban. & A. 78.] [1]

Circuit Court, D. Massachusetts. Dec., 1878.

PATENTS—DELAY IN APPLYING—DATING BACK.

The complainant applied for a patent in 1873, which was granted September 29th, 1874. She testified that the invention was made in 1861. There was nothing improbable in her testimony, and no contradictions or circumstances were prov-

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]