## Case No. 4,845.

### FIVE HUNDRED AND TWENTY-EIGHT PIECES OF MAHOGANY.

[2 Lowell, 323.] [1]

District Court, D. Massachusetts. March, 1874.

LOWELL, District Judge. The libellant's case has been excepted to in the outset in a somewhat informal way, by consent of parties, in order to test the jurisdiction of the court. Few decisions have been found by counsel or by me in which a restitution has been ordered by the admiralty of goods found separated from a vessel in circumstances like those set forth in this libel. Undoubtedly, such titles are usually tried in the state courts, excepting when they concern ships, which in this country have been held to be within the cognizance of the admiralty, and which have lately been put on the same footing in England. At the hearing I was much disposed to doubt whether the admiralty replevin, so to call it, extended fully to cargoes, or what had lately been cargoes, as well as to ships; but, upon further reflection, I am of opinion that the suit may be maintained.

The admiralty has authority to seize and restore to the true owner all goods, or their proceeds, wrongly taken at sea, whether by simple robbery, or under color of a capture as prize of war, whenever and wherever and in whosesoever possession such goods or their proceeds may be found within the territorial jurisdiction of the admiralty court whose power is invoked in the premises: The Amiable Nancy, 3 Wheat. [16 U. S.] 546; Rex v. Broom, 12 Mod. 135; The Hercules, 2 Dod. 353; 1 Kent, Comm. 379. So, in salvage, the owner of the goods upon which there is a lien for salvage may reclaim them in the admiralty, submitting to the court the question of salvage, and offering to pay the amount. In Post v. Jones, 19 How. [60 U. S.] 150, the master of a whaleship wrecked in the Arctic ocean had sold her catchings to the claimants; and the owners of a part of the cargo proceeded in rem against the oil and whalebone, praying to have possession delivered to them of the oil, &c., or its proceeds, if sold, subject to salvage and freight. The supreme court sustained the libel, and ordered the circuit court to divide the proceeds according to the mode pointed out in the opinion.

In the two classes of cases that I have mentioned, the courts of admiralty have a peculiar, and in many respects exclusive, authority. A court of common law cannot deal directly with questions of prize, and probably not with salvage, as I have had occasion to show in another case. Studley v. Baker [Case No. 13.559]. But, upon the whole, I do not see that this consideration

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

will serve to distinguish all those cases from the present. Over some of them the other courts would have had a concurrent jurisdiction; as, for example, the title to a ship or cargo, not involving a point of prize or salvage, but of simple spoliation; and possibly of salvage, if a sufficient tender had been made.

The case of Post v. Jones, ubi supra, bears a strong analogy to this. There, as here, the owners of cargo alleged that the master had sold it in his own wrong, and they reclaimed it; and though some salvage was admitted to be due, yet it hardly seems that, if the case had involved only freight, the jurisdiction would have been lost, since the court has the same jurisdiction of affreightment that it has of salvage, though it is not so nearly exclusive.

A manuscript report of a case before Judge Benedict has been handed me, in which the owner of a cargo which had been put on board a ship for conveyance to South America, and afterwards unladen again in port in consequence of damage by fire, brought a libel, and alleged facts to prove that the libellant was not bound to permit the ship to carry forward the cargo under the circumstances. The learned judge so found, and ordered the cargo to be restored. No question was raised about the jurisdiction.

Judge Betts has expressed the opinion that a person deprived of his property on the high seas, whether with the connivance of the master or agent having charge of it, or not, and without regard to any marine tort having been committed, was entitled to a remedy in the admiralty, because the transaction is of a maritime character: American Ins. Co. v. Johnson [Case No. 303]. If this opinion is sound, it must follow that the jurisdiction would not be ousted by the fact that the cargo had been converted on shore rather than at sea, because, in matters of contract or of title, the place where an act was done is immaterial to the jurisdiction.

It is one of the equitable features of admiralty practice, that the party who would usually be the defendant may often bring the matter before the courts, as in Post v. Jones, where the persons, who would have been respondents in an ordinary salvage suit, were permitted to assume the character of libellants. In short, I am unable to see that Post v. Jones, and other like cases, can rest on any less broad foundation than this, that where the possession of movable property has been changed, against the right of the true owner, either by a maritime tort or by the breach of a maritime contract, to which the property was subject, the owner may vindicate his title in a court of admiralty, not only in personam, which is not doubted, but also in rem.

The reasons for the adoption of the practice may have been that such cases almost always involve maritime questions, and that the remedy in admiralty is more convenient and

more adequate, its powers and proceedings being largely equitable. If the owner of the oil in Post v. Jones had been obliged to recover his property, by a proceeding at common law, one party or the other would have run great risk of losing what the supreme court found to be his equitable right. If the sale had been pronounced void, the owner might, perhaps, have recovered judgment on the strength of his legal title, without payment of freight or salvage; or, if the court found that freight or salvage were due and had not been tendered, or insufficiently tendered, they might have been obliged to find against the general owner, notwithstanding his title, on the ground of an undischarged lien in the defendant.

Finding this case to be of a maritime character, and considering the analogies presented by the cases cited, I am of opinion that the jurisdiction is successfully maintained in rem.

Jurisdiction sustained. Case to stand for answer.