## WENBERG *v.* A CARGO OF MINERAL PHOSPHATE and another.

*(District Court, S. D. New York.* February 19, 1883.)

1. JURISDICTION—PETITORY SUITS—EQUITABLE TITLES NOT ENFORCEABLE.

> Petitory suits must be based upon legal titles; admiralty has no jurisdiction of such suits to enforce a merely equitable title, based upon the respondent's breach of trust.

2. SAME—PRELIMINARY CONTRACTS NOT MARITIME.

> Where the libel alleges the employment of the respondent to procure a "concession" from the French government in the libelant's name to remove guano; that the respondent fraudulently procured such concession in his own name; and that the cargo of guano attached, and which the libelant sought to recover in this action, had been removed without the authority of the libelant: *held,* that upon such facts respondent held a legal title to the cargo; that the contract or employment was not maritime, but only preliminary thereto; and that in both respects admiralty has no jurisdiction, and the libel must be dismissed.

3. SAME—QUESTION OF JURISDICTION, HOW RAISED.

> The question of jurisdiction may be raised on motion to dismiss the libel before the cause is reached on the calendar, although not raised by exceptions before answer.

In Admiralty.

*Beebe, Wilcox & Hobbs,* for libelant.

*Daniel Marvin,* for respondent.

BROWN, J. This libel was filed as "a cause of possession, civil and maritime," against a cargo of mineral phosphate on board the bark Busy, and against James C. Jewitt. The ninth allegation asserts that "all and singular the premises in the libel contained are within the admiralty and maritime jurisdiction of the court." The respondent, Jewitt, has answered separately, and in general terms has denied the jurisdiction of the court. Some testimony has been taken in the cause, but no previous exception to the libel, for want of jurisdiction, was taken. A motion is now made to dismiss the libel for want of jurisdiction, as respects Jewitt, or, if that be denied, that a further stipulation for costs be required.

The libel alleges that in the year 1877 the libelant and his partner fitted out an expedition from New York, to search for guano islands, and for that purpose dispatched the schooner Peter Mitchell with George R. Field as supercargo; that on June 22d Constable island was sighted, six miles from the port of Cayenne, and that they landed on the island on that day, hoisted the American flag, and claimed to take possession in the name of the United States for the benefit of the libelant and his partner; that pursuant to section

5571 of the Revised Statutes, the libelant having given notice to the department of state, and such department not being confident that such island was within the jurisdiction of the United States, the libelant employed the respondent, James C. Jewitt, "to procure a concession from the government of France in the name of libelant, which said Jewitt for a consideration agreed to do;" and that said Jewitt, on procuring said concession from the government of France, in fraud of the libelant, had his own name, instead of the libelant's, inserted in such concession; that said cargo of mineral phosphate, now laden on board the bark Busy, was taken from such island since its discovery in the expedition aforesaid without warrant or authority from the libelant, or any one authorized to represent him; that the libelant had acquired his former partner's interest, and claims to be entitled to the whole of such cargo legally and equitably; that he "has demanded the possession of said cargo and the right to control the same, but that such right has been refused him."

The separate answer of Jewitt, in its general denial, denies the averment of jurisdiction. It sets up many other matters not necessary to be referred to here, other than to state that it denies all the material allegations of the libel, and disclaims any interest in the cargo.

It is objected by the libelant that no specific exception having been taken to the jurisdiction of the court before answer, it cannot now be heard upon motion before the trial. I have no doubt that it is competent for the court in its discretion to entertain such a motion before the trial, based upon an entire want of jurisdiction over the subject-matter of the libel, (2 Conkl. Adm. 229; *Cutler* v. *Rae*, 7 How. 729, 731; *Marshall* v. *Pierrez*, 9 Ben. 391; *U. S.* v. *Nourse*, 6 Pet. 470; *The Monte A*, 12 Fed. Rep. 331;) and where, as in this case, it appears from the pleadings that the testimony concerning other facts put in issue would probably be voluminous, and difficult and expensive to procure, the question of the jurisdiction of the court ought to be passed upon early in the cause. Especially is this the case where, as appears upon the evidence before the court, the libelant is insolvent, and the security filed is insufficient for the respondent's probable expenses in case of a decision in his favor.

The libel is very meager and insufficient in its averments respecting the respondent Jewitt, and any connection between him and the cargo.

I have quoted from the libel all that it contains on this subject. There is no allegation that the cargo was in his possession or control when the libel was filed; or that it was claimed by him; or that it

was removed from Constable island by him or by his authority; or that he has any connection with the cargo; nor does it directly aver that he ever obtained any "concession" from France, although that is implied. But on a motion to dismiss for want of jurisdiction simply, I shall not regard any defects in the form of the averments in the libel, but shall treat the libel as though it did aver that Jewitt obtained from France a "concession" to take guano from the island; that being employed to procure it for the libelant, and in the libelant's name, he fraudulently procured it in his own name; and that he had thereafter authorized this cargo to be removed from the island under that "concession." Assuming all these things, as though they had been alleged in the libel, I am nevertheless of opinion that this court would have no jurisdiction to enforce any claim of the libelant in a petitory suit to recover possession of this cargo.

The basis of such actions is a legal title to the property in the libelant. In suits for possession in admiralty the court does not take cognizance of merely equitable titles, or equitable rights, as against the legal owner. *The Amelia,* 6 Ben. 475; *Kynoch* v. *The Ives,* Newb. 205; *The Perseverance,* 1 Blatchf. & H. 385.

Where the libelant is in fact the legal owner, he may enforce his legal right in this court in a petitory suit against those who have by wrong dispossessed him of his property and undertaken to transfer it to others. *Thurber* v. *The Fannie,* 8 Ben. 429; *528 Pieces,* 2 Low. 323. But in this case the libelant never had any legal title to this cargo. The sole foundation of his claim thereto, as respects Jewitt, is through a "concession" from the French government, which concession, it is assumed, was fraudulently procured by Jewitt in his own name. The legal title to any guano which Jewitt removed under such a concession would be in him. If the libelant should establish the fact that Jewitt was employed by him as alleged, he would at most prove a breach of trust. That would not make the libelant the legal grantee of the "concession" from the French government, nor would it change the legal title in this cargo from Jewitt to the libelant, although a court of equity might upon such proofs adjudge Jewitt to be a trustee for the libelant, and either compel him to account for the proceeds of the "concession," or to transfer it to the libelant, if the terms of the concession from the French government permitted such a transfer.

The very basis of the action, therefore, is to declare and enforce an equitable trust against Jewitt for the benefit of the libelant; and it is well settled that a court of admiralty has no jurisdiction to de-

clare and enforce such a trust, where that is the foundation of the action, nor any accounting based on such a trust. That is the prerogative of[1] a court of equity. *Ward* v. *Thompson*, 22 How. 330; *Kellum* v. *Emerson*, 2 Curt. 79, 81, 82; *Davis* v. *Child*, 2 Ware, 78, 87; *The William D. Rice*, 3 Ware, 134; *The S. C. Ives*, Newb. 205.

In the case of *Andrews* v. *The Essex, etc.*, 3 Mason, 6, 16, STORY, J., says:

"Courts of admiralty have no general jurisdiction to administer relief as courts of equity. They cannot entertain an original bill or libel for specific performance, or to correct a mistake, or to grant relief against a *fraud.*"

As a petitory suit to enforce a merely equitable title the libel must, therefore, be dismissed for want of jurisdiction.

But, in addition to the above ground, a still further want of jurisdiction would exist in this case from the fact that the contract or employment alleged in the libel between the libelant and Jewitt is not a maritime contract; at most, it was an employment or contract to procure from France a "concession," which may be assumed to be a license to take guano.

The libel contains no description whatever of the nature of such a concession. The "concession" or license itself would not be a maritime contract; and much less would the services of Jewitt in merely procuring such a concession or license be a maritime service. The removal of the guano from the island to other ports, though authorized under the concession, would nevertheless be an independent act. The concession itself would not necessarily involve any particular voyage as a part of the contract, nor compel any maritime act on the part of the libelant. He might never remove guano himself, but simply authorize others to remove it. The concession, therefore, and the employment of Jewitt to procure it, having no reference to any particular voyage, or to any direct maritime acts, belong to that class of contracts or transactions which are regarded as not maritime in themselves, but merely preliminary contracts, of which the admiralty does not entertain jurisdiction. STORY, J., *Andrews* v. *Essex, etc., supra; The Perseverance*, Blatchf. & H. 385, 387, *supra; The Thames*, 10 FED. REP. 848.

In both aspects, therefore, the subject-matter is not within the jurisdiction of the court, and the libel should be dismissed, but in such cases without costs. *The McDonald*, 4 Blatchf. 477; *Abbey* v. *The Stevens*, 22 How. (N. Y.) 78; *Mayor* v. *Cooper*, 6 Wall. 247; *Hornthall* v. *The Collector*, 9 Wall. 560.

See *The C. C. Trowbridge*, 14 FED. REP. 874.