## PENTLARGE v. KIRBY.

*(Circuit Court, S. D. New York.   July 15, 1884.)*

1. **FEDERAL COURTS—COSTS WHEN "NO JURISDICTION" ADJUDGED.**
    The rule is uniform in the federal courts that where the case is one of which the court has no jurisdiction, the duty of the court is to dismiss it upon that ground, and without costs.
2. **SAME—REVISED STATUTES OF THE UNITED STATES.**
    The provisions of the Revised Statutes of the United States have made no change in the pre-existing laws upon the subject of costs; and the cases of *U. S. v. Treadwell,* 15 FED. REP. 532, and *Cooper v. New Haven Steam-boat Co.* 18 FED. REP. 588, so far as they intimate the contrary view, are disapproved.
3. **SAME—CASE STATED.**
    The court below having dismissed the complaint because the case disclosed by it was one of which the court had no jurisdiction, it was error to award the defendant a judgment for costs.

At Law.

*Brodhead, King & Voorhees,* for complainant.

*Edward Fitch,* for defendant.

WALLACE, J.   This writ of error is brought to review a judgment of the district court for the Southern district of New York in favor of the defendant for costs, and sustaining his demurrer to the plaintiff's complaint.   The court below held that upon the case made by the complaint the court did not have jurisdiction of the subject of the action.   For reasons which were announced orally at the hearing of the writ of error, no doubt is entertained that the district court correctly determined that the action was not one of which it had jurisdiction, but the question remains whether it was not error to order a judgment for the defendant awarding costs against the plaintiff.

The rule is uniform in the federal courts that where the case is one of which the court has no jurisdiction, the duty of the court is to dismiss it upon that ground, and without costs.   *Burnham* v. *Rangely,* 2 Wood. & M. 417; *McIver* v. *Wattles,* 9 Wheat. 650; *Strader* v. *Graham,* 18 How. 602; *The McDonald,* 4 Blatchf. 477; *The Mayor* v. *Cooper,* 6 Wall. 247; *Gaylords* v. *Kelshaw,* 1 Wall. 83; *Hornthal* v. *The Collector,* 9 Wall. 560.   The reason of the rule is stated by Mr. Justice SWAYNE in *The Mayor* v. *Cooper* as follows:

"The court held that it had no jurisdiction of the case, and yet gave a judgment for the costs of the motion, and ordered that an execution should issue to collect them.   This was clearly erroneous.   If there were no jurisdiction, there was no power to do anything but to strike the case from the docket."

And in *Burnham* v. *Rangely,* WOODBURY, J., after citing decisions in various state courts sustaining the general rule, says:

"These generally proceed on the ground that the court has no jurisdiction to award costs any more than to award damages, or any other relief on the merits, when the case is not legally before them."

In *Hunt* v. *Inhab. of Hanover,* 8 Metc. 346, DEWEY, J., repudiates the distinction which has sometimes been suggested, that no costs are

to be allowed in plain and obvious cases of want of jurisdiction, but should be allowed when the question of jurisdiction is one of doubt and uncertainty; characterizing it as too shadowy and uncertain for a rule of practical application, and as unsound in principle.

Many respectable authorities are found to the contrary, and assert that inasmuch as the court must determine whether it has authority to entertain a particular controversy, it has, to that extent, jurisdiction over the parties and the subject-matter; its decision is a judicial act; and, as an incident of the power to decide. it has the power to award costs. It will not be useful to cite them, because the law of the federal courts is decisive here.

The learned district judge who decided this case, in opinions delivered by him in *U. S.* v. *Treadwell,* 15 FED. REP. 532, and *Cooper* v. *New Haven Steam-boat Co.* 18 FED. REP. 588, suggests that the provisions of the Revised Statutes of the United States have changed the pre-existing law so that now costs are to be allowed to the prevailing party in all cases where there is not an express statutory provision to the contrary; and therefore that the federal courts are not now to refuse costs when they dismiss cases for want of jurisdiction. One of the sections of the Revised Statutes to which he refers is 914, which was originally enacted in 1872, conforming the practice in the federal courts in common-law actions as near as may be to that of the state courts. This section goes no further than to prescribe a general rule regulating practice and procedure in the federal courts, in the absence of any legislation by congress upon the subject. *Wear* v. *Mayer,* 6 FED. REP. 660. It speaks only when the other statutes of the United States are silent. *Peaslee* v. *Haberstro,* 15 Blatchf. 472. It has no application to the subject of costs, because that subject is covered by other provisions of the federal laws. Moreover, it only applies to cases of which the federal courts have jurisdiction. It does not create or extend jurisdiction, but regulates the procedure in cases which the federal courts are authorized to entertain and decide.

The other provisions of the Revised Statutes, which it is suggested have changed the pre-existing law as to costs, are those found in sections 823 and 983. These sections deal with the subject of costs in suits in equity and admiralty, as well as at common law; and if it is true that they require the courts in all cases to award costs to the prevailing party when there are no express statutory provisions otherwise, they make a startling innovation upon the law as it previously existed, and introduce a radical change. There are no express statutory provisions which authorize a disallowance of costs to the prevailing party in the large class of cases in equity and admiralty, where, in the exercise of judicial discretion, it has been the rule to disallow them, and sometimes to award costs against the prevailing party. In equity and admiralty, the essential merits and justice of the contention, rather than the result of the litigation, have always

controlled the judicial discretion in adjudging costs. These sections reproduce provisions of the act of July 26, 1853, entitled "An act to regulate the fees and costs to be allowed clerks, marshals, and attorneys of the circuit and district courts of the United States, and for other purposes." That act, by the first clause, prescribed that "in lieu of the compensation now allowed    *    *    *    the following and no other compensation shall be taxed and allowed." It then, by distinct clauses, enumerated what fees were to be taxed in causes at common law, in admiralty, and in equity, for clerks, marshals, attorneys, and witnesses, and enacted that such fees, together with certain specified disbursements, should be included in and form part of the judgment against the losing party "in cases where, by law, costs are recoverable in favor of the prevailing party." The language of this act is reproduced in the above sections of the Revised Statutes without material change. Section 828 reproduces the language of the first clause of the act of 1853, but the words "in lieu of the compensation now allowed," are omitted as manifestly unnecessary, and the words "except in cases otherwise provided by law" are added, because in the Revision there are incorporated several provisions taken from other acts of congress respecting costs in particular cases. Section 823 deals only with the amount of compensation to be allowed. Section 983 reproduces the language of the clause of the act of 1853, which authorizes costs to be made a part of the judgment against the losing party. This is the section which deals with the right to recover a judgment for costs, and it makes no change in the previous law. It leaves the right where it found it in the act of 1853, and authorizes a judgment for costs against the losing party, "in cases where, by law, costs are recoverable in favor of the prevailing party." Reading sections 823 and 983 together, they are not fairly susceptible of a construction which changes the pre-existing law. The intention to make a radical change is not to be implied in a revision; and if there is any fair room for doubt, the original acts may be resorted to in aid of interpretation. *U. S.* v. *Bowen,* 100 U. S. 513. From their first organization to the time of the adoption of the Revised Statutes, and since, the federal courts have always assumed to exercise the power of awarding costs as incident to their power to decide upon the rights of the parties.

In the very recent case of *Mansfield R. Co.* v. *Swan,* 4 Sup. Ct. Rep. 510, Mr. Justice MATTHEWS, in delivering the opinion of the supreme court, used the following language:

"As to costs in this court the question is not covered by any statutory provision, and must be settled on other grounds. By the long-established practice and universally recognized rule of the common law, in actions at law, the prevailing party is entitled to recover a judgment for costs; the exception being that where there is no jurisdiction in the court to determine the litigation, the cause must be dismissed for that reason, and as the court can render no judgment for or against either party, it cannot render a judgment even for costs."

It must therefore be held that it was error in the court below to render a judgment for costs against the plaintiff.

Following the precedent in the case of *The McDonald*, 4 Blatchf. 477, the plaintiff in error, although he succeeds in reversing the judgment of the court below, is not entitled to costs here.

The judgment of the district court is reversed, and the case remanded to that court, with directions to dismiss the suit without costs to either party.