## HAT-SWEAT MANUF'G CO. *v.* DAVIS SEWING-MACHINE CO.

*(District Court, S. D. New York.   June 2, 1887.)*

1. PATENTS FOR INVENTIONS — PENALTIES — STAMPING WITHOUT LICENSE — FOR-
EIGN CORPORATION—SERVICE.

> Service upon a foreign corporation, made in New York upon a "managing agent," is a valid service on the corporation, under the state law, as upon a person "found" within the district.

2. SAME—LOCAL ACTIONS.

> In a local action for penalties for stamping articles as patented, without license, recoverable only in the district where the stamping is done, an agent of a foreign corporation who has the general management and control within the district of the manufacturing business in the course of which the stamping is done, is a "managing agent" of the corporation, within the meaning of section 432 of the New York Code of Civil Procedure, and service upon him is a valid service upon the corporation.

Motion to Set Aside Service of Process.

*John R. Bennett,* for plaintiffs.

*Wetmore & Jenner,* for defendants.

BROWN, J.   This is an action for the recovery of $100,000 penalties alleged to have been incurred under section 4901 of the United States Revised Statutes for stamping certain patented articles without the plaintiffs' license.   Such actions are required by section 4901 to be brought in the district "within whose jurisdiction such offenses may have been committed."   The act of stamping being done within the Southern district of New York, the suit could not be prosecuted in any other district. *Pentlarge* v. *Kirby,* 19 Fed. Rep. 501; affirmed, 20 Fed. Rep. 898, 22 Blatchf. 261.   The defendant corporation belongs in Connecticut, where all its officers reside.   The process in this cause was served upon Alvin B. Felt, as agent of the defendant company.   The company appears specially for the purpose only of moving to set aside the service of the summons as a service upon the company, on the ground that Felt is neither an officer nor a "managing agent" of the company, within the meaning of section 432 of the New York Code of Civil Procedure, which prescribes the mode of serving process upon foreign corporations.   For the defendants it is claimed that the provisions of the state statute control, because section 914, Rev. St. U. S., declares that "the practice, pleadings, and forms and mode of proceeding, etc., shall conform as near as may be" to the state practice.   In the case of *Lung Chung* v. *Northern Pacific, etc., Co.,* 19 Fed. Rep. 254, it was held by DEADY, J., that the provisions of the state law, as to the sufficiency of the service of process, were embraced by this section.

For the defendant it is insisted that Felt is not a "managing agent" of the defendant company, because he has no special authority to accept the service of the summons, and is not a general representative of the company.   His relations to the company are stated in his own affidavit as follows:

"I have charge of the factory in the city of New York, the expenses of the running of which are paid by the said company and myself jointly, and the profits, if any, of which are payable one-half to me. The business which I do, or of which I have charge, in the city of New York, is the stitching of hat-sweat, and doing binding, cording, or braiding work, on various articles. The business of the defendant, Davis Sewing-Machine Company, is the manufacture of sewing-machines, and their factory and office are at Watertown, New York."

The alleged unlawful stamping of articles for which the penalties are sought to be recovered must be deemed, for the purposes of this motion, to have been done by Felt in the city of New York, in the course of manufacturing for the joint account of himself and the defendant company. In several actions in the state courts, it has been held that the term "managing agent" means a person exercising the functions of an officer, in the control and management of the company's business, and does not include a person having charge merely of some special work in behalf of the company; such as a baggage master in respect of baggage, (*Flynn* v. *Hudson River*, etc., 6 How. Pr. 308;) or a person employed to make the purchases of horses and feed, (*Emerson* v. *Auburn R. R.*, 13 Hun, 150;) or an assistant secretary, (*Sterett* v. *Denver*, etc., 17 Hun, 316;) or a person having charge only of the transfer of the stock, and the transmission of assessments paid in, (*Reddington* v. *Mariposa*, etc., 19 Hun, 405;) or a person who merely sells tickets, (*Doty* v. *Michigan Cent.*, etc., 8 Abb. Pr. 427.)

In none of the foregoing cases are the facts analogous to the present. The only case somewhat analogous, to which I have been referred, is that of *Brewster* v. *Michigan Cent.*, etc., *Co.*, 5 How. Pr. 183, in which the alleged agent ran the steamer Mayflower upon some arrangement with the defendant company for the transfer of its passengers from the railway. In the course of the decision, WELLES, J., observes, (page 186:)

"The managing agent upon which the summons may be served must be one whose agency extends to all the transactions of the corporation; one who has or is engaged in the management of the corporation, in distinction from the management of a particular branch or department of its business."

The language quoted is much broader than that used in the subsequent cases, and was not necessary to the decision of the case; since it appeared that the alleged agent was employed with very limited powers, in connection with a very small part of the defendant's business. Assuming, what may or may not be established upon the trial, that the stamping complained of in the present case was a corporate act, so as to subject the corporation to a penalty, in consequence of its relations with Felt, and of the general power and authority conferred on him, justice seems to me to require that Felt, upon the facts stated in his affidavit, should be held to be a "managing agent" in such business of the corporation. There is no question that he had the management and control of the manufactory here, and carried on the business out of which the alleged penalties accrued. The adjudications in the state courts have not gone so far as to hold that no agent is a "managing agent" who does not participate in the management and control of *every part* of the corporate

business, and of every corporate act. Still less has such a construction of these words been given in any local action like this, where that construction would defeat justice, and enable a corporation systematically to violate the law with impunity. Such a construction, it seems to me, would be unreasonable, and presumably foreign to the intent of the statute, when the words "managing agent" are equally capable of including a case of the management and control of that department of the company's business out of which the wrongs proceed.

By section 914 of the United States Revised Statutes, moreover, the state practice is not to be necessarily adopted in all cases, but only "as near as may be;" that is, so far as is compatible with the administration of justice. The subordinate provisions in the state statutes, which would unwisely incumber the administration of the law in the United States courts, or tend to defeat the ends of justice in those tribunals, should be rejected. *Indianapolis, etc.,* v. *Horst,* 93 U. S. 291, 301.

Assuming, as I have said, that the illegal stamping was a corporate act, the law would be evaded, and the ends of justice defeated, if it should be held that the corporation, through its agents, can carry on a business, and continuously commit illegal acts within this district, where alone those acts can be punished, and yet have no person present within the district to represent the corporation sufficiently to compel it to answer to suits for its wrongs. Section 732 of the Revised Statutes provides that suits for penalties may be recovered either "where the penalty has accrued, or in the district where the offender is found." In the case of *Pentlarge* v. *Kirby, supra,* it was held, as above stated, that this section was limited, by the express provisions of section 4901, to the district where the offense was committed. But section 732 is still applicable when the defendant "is found" within the district where the offense was committed; and the act of March 3, 1875, (18 St. at Large, 470; section 739, Rev. St. U. S.,) recognizes the jurisdiction of the circuit and district courts over persons "found" therein. Where the statute restricts suits to the district in which the acts are committed, a consistent and reasonable interpretation of the statutes requires it to be held that a corporation, for the purposes of such suits, has a "managing agent," and is sufficiently "found" within the district in the person of the individual who has the direction, management, and control of its business therein, out of which the acts complained of have arisen, and who so far represents the corporation as to make his acts incurring penalties in that business the acts of the corporation. *Estes* v. *Belford,* 22 Blatchf. 1, 22 Fed. Rep. 275; *Good Hope Co.* v. *Railway Co.,* 23 Blatchf. 43, 22 Fed. Rep. 635; *St. Clair* v. *Cox,* 106 U. S. 350, 1 Sup. Ct. Rep. 354; *Ex parte Schollenberger,* 96 U. S. 369; *Railroad Co.* v. *Harris,* 12 Wall. 65; *Salt Lake City* v. *Hollister,* 118 U. S. 256, 6 Sup. Ct. Rep. 1055.

The motion must be denied.