Territory v. Baker.

[No. 1063.    September 14, 1904.]

THE TERRITORY OF NEW MEXICO ex rel., CALE-
DONIAN COAL COMPANY, Relator, v. Hon. B.
S. BAKER, Associate Justice, etc., et al., Respond-
ents.

### SYLLABUS.

The facts set up in the application and respondent's return to
the order to show cause herein, are insufficient to justify the issu-
ance of a writ of mandamus.

Original Petition for Mandamus in Supreme Court.
Writ denied.

NEILL B. FIELD for relator.

R. E. TWITCHELL for respondent.

### OPINION BY THE COURT.

MANN, J.—On September 13, 1904, the relator filed
in this court its petition for a peremptory writ of man-
damus against the respondent as judge of the Second
judicial district of the Territory of New Mexico, to
compel respondent to assume jurisdiction in a cause
brought by relator in the district court of the Second
judicial district, sitting for the trial of causes arising
under the Constitution and laws of the United States,
of the Santa Fe Pacific Railroad Company, a corpora-
tion organized by an act of Congress approved March
3, 1897.

The suit in the district court was brought by the
Caledonian Coal Company, as plaintiff, against the
Atchison Topeka & Santa Fe Railroad Company, the
Colorado Fuel & Iron Company, The American Fuel
Company and the Santa Fe Pacific Railroad Company,
to recover damages against the several defendants under

the act of Congress entitled "An act to regulate commerce" and subsequent acts amendatory thereto, and the act of February 4, 1897, entitled "An act to protect trade and commerce against unlawful restraints and monopolies." Service was attempted to be made on the Santa Fe Pacific Railroad Company by serving a copy of a summons on one E. P. Ripley, the president of said company, while he was passing through the Second judicial district, and upon the validity of that service as shown by the record the right of relator to the relief prayed for depends.

The record is clear that Mr. Ripley, when served by the marshal, was president of the Santa Fe Pacific Railroad Company; it is undisputed that he was in the Territory casually as a sojourner, and in no way connected with any business of that company. It is also shown that the Santa Fe Pacific, prior to the time of the attempted service, had sold and disposed of its railway, roadbed, rights, franchises and privileges, and owned no property whatever, except some lands acquired by foreclosure proceedings within the Territory; that its board of directors held its meetings in the city of New York; that its president has his office in the city of Chicago; and that its land commissioner has his office in the city of Topeka, Kansas.

By the act of Congress of July 27, 1866, the Atlantic & Pacific Railroad Company was authorized to build and operate a line of railroad from the States of Arkansas and Missouri to the Pacific coast, and was granted certain lands by way of a bonus for the construction of said railway. On March 3, 1897, Congress passed an act entitled "An act to define the rights of purchasers under mortgage authorized by an act of Congress approved April twentieth, eighteen hundred and seventy-one, concerning the Atlantic & Pacific Railroad Company," and under this act the Santa Fe Pacific Company became the purchaser at the foreclosure sale and was organized as the successor of the Atlantic &

Pacific Railroad Company and became the owner of the railroad and lands of said company.

By act of Congress of June 27, 1902, the Santa Fe Pacific Railroad Company was authorized to sell or lease its railroad and franchises to the Atchison, Topeka and Santa Fe Railway Company, a Kansas corporation, and the pleadings herein show that prior to the date of the attempted service on Mr. Ripley, as president of the Santa Fe Pacific Railroad Company, the Atchison had purchased the railway, rights and franchises of the Santa Fe Pacific Company, and that the latter company was not engaged in operating any railroad in New Mexico at the time of the attempted service. The only business it is alleged that the Santa Fe Pacific Company was doing in New Mexico is that it owned lands therein and was maintaining suits in the district court of the Second judicial district in connection therewith.

The act of July 2, 1890, under which the suit was brought by relator in the district court provides that "Any person who shall be injured in his business or property by any other person or corporation, by reason of anything forbidden or declared to be unlawful by this act may sue therefore in any circuit court of the United States in the district in which the defendant *resides or is found,*" etc.

Under the facts stated, was the Santa Fe Pacific Railroad Company found in the Second judicial district of New Mexico? If so, the respondent should have assumed jurisdiction of the cause against the Santa Fe Pacific Railroad Company, otherwise he properly refused to do so and the writ should be denied.

The word "found" as used in section 739, Revised Statutes, with reference to service of process in United States Courts, is thus construed in the case of Good Hope Co. v. Railway Barb. Co., 22 Fed. 635.

"A foreign corporation is not 'found' within a district within the meaning of section 739 of the Revised Statutes for the service of process when its president

comes temporarily into such district upon the business of the corporation, such corporation having no office or place of business therein, and not having transacted any business therein, except that which the president came to settle."

See also Frick v. Railroad, 86 Fed. 729; U. S. v. Am. Bell Tel. Co., 20 Fed. 34; Railroad v. Koontz, 104 U. S. 5; St. Clair v. Cox, 106 U S. 350; Railway v. Gephart, 109 U. S. 527; Hat Sweat Band Co. v. Davis Sew. Mach. Co., 31 Fed. 294; 6 Thompson on Corporations, secs. 7484-7489.

Relator contends that the above rule has no application here, for the reason that the Santa Fe Pacific Railroad Company was incorporated under an act of Congress and is therefore not a foreign corporation.

In the case of U. S. v. Railroad, 49 Fed. 297, Mr. Justice Harlan places a corporation of another State and those chartered by acts of Congress on the same footing, as to service of process. In that case he says:

"While under the acts respecting the jurisdiction of the Federal Courts a corporation is a 'citizen' only of the State under whose laws it was organized, yet with respect to the district in which it may be sued, under the act of Congress of March 3, 1887, a railroad or telegraph company chartered *either by a State or by United States* is an inhabitant of any State in which it operates its lines and maintains officers for the transaction of its business," and although this case was overruled by the Supreme Court of the United States as too liberal a construction of the word "inhabitant," yet we think it is a fair interpretation of the word "found" as used in the "anti-trust act," and further believe that it is correct in making no distinction between corporations of another State and those organized under an act of Congress.

The undisputed facts in this case show that the Santa Fe Pacific Railroad Company was not operating any railroad and maintained no officers for the trans-

action of its business within the Territory at the time the service was attempted. Congress had granted it the right to sell to the Atchison, Topeka & Santa Fe, its railroad, right-of-way, rights and franchises, which it had done and thus ceased to do business in New Mexico. The service of the summons on Mr. Ripley while merely passing through the Territory was therefore no service on the Santa Fe Pacific Railroad Company, and the respondent properly quashed the service.

For the reasons above given the writ is denied.

Mills, C. J., McFie, Parker and Pope, JJ., concur.